IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON ALLEN BLAKE, #061998, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:20-cv-1250-G-BN |
| ELMER TANNER, Sheriff, Navarro County, and NAVARRO COUNTY CRIMINAL JUSTICE CENTER, | § § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jason Allen Blake, who, based on his filings, the Court will assume is detained pretrial at the Navarro County Justice Center, filed in the Eastern District of Texas a *pro se* civil rights action challenging the conditions of his confinement based on the COVID-19 pandemic. *See* Dkt. No. 1. After his case was transferred to this district, *see* Dkt. No. 4, it was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

Blake alleges that, since he arrived at the Justice Center on March 14, 2020, the facility has "refuse[d] to follow Covid 19 guidelines like other County Jails," specifically asserting that the jail refuses to release non-violent and misdemeanor offenders and that staff have refused to wear N-95 masks, refused to facilitate social distancing, and refused to quarantine new inmates. Dkt. No. 1 at 4. He requests that the Court order the jail to make changes to its policies and award him damages for

pain, suffering, and mental anguish. *See id.*

Blake attaches to his complaint a grievance he made, received by the jail on April 16, 2020, in which he states that he is "[fearful] of catching COVID-19 virus" and expresses his concerns about the jail's not quarantining new arrivals, not implementing social distancing, not requiring staff to wear personal protective equipment ("PPE"), and not releasing non-violent inmates. *See id.* at 6. The jail's grievance officer responded in part:

> I have read your grievance and understand your frustration however, policies and procedures have been put in place in regards to COVID-19. We are monitoring everyone that enters the jail with sanction from Jail Standards. All officers are in compliance with these rules and regulations regarding COVID-19.

*Id.* at 7.

Although Blake names a county detention center, a non-jural entity, as a defendant, the undersigned liberally construes his claims as made only against the Navarro County Sheriff and therefore enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Blake's complaint without prejudice to his filing an amended complaint that cures all deficiencies noted below within a reasonable period of time to be set by the Court.

## Legal Standards

Where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The fails-to-state-a-claim language of this

statute – as well as its sister statute, Section 1915(e)(2)(B) – "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

Dismissal for failure to state a claim therefore "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), and neither the Prison Litigation Reform Act nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11. Plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

**Analysis**

"[S]ince pretrial detainees and convicted state prisoners are similarly

restricted in their ability to fend for themselves, the State owes a duty to both groups that effectively confers upon them a set of constitutional rights that fall under the Court's rubric of 'basic human needs.'" *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). The basic human needs of pretrial detainees are "protected by the Due Process Clause of the Fourteenth Amendment," *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017) (citing *Cupit v. Jones*, 835 F.2d 82, 84-85 (5th Cir. 1987)), which affords them "protections [that are] 'at least as great as ... those available to a convicted prisoner,'" *Price v. Valdez*, No. 3:16-cv-3237-D, 2017 WL 3189706, at *5 (N.D. Tex. July 27, 2017) (quoting *Hare*, 74 F.3d at 639; original brackets omitted).

"Constitutional challenges by pretrial detainees may be brought under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission.'" *Shepherd v. Dallas Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Hare*, 74 F.3d at 644-45); *accord Cadena v. El Paso Cnty.*, 946 F.3d 717, 727 (5th Cir. 2020). And, similar to the claims made by Blake, the United States Court of Appeals for the Fifth Circuit "has explained that challenges to … sanitary conditions … are generally considered challenges to the conditions of confinement." *Campos v. Webb Cnty. Sheriff's Dep't*, No. 5:12-CV-7, 2014 WL 1379668, at *5 (S.D. Tex. Apr. 3, 2014) (citing *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (en banc)).

> If the plaintiff has properly stated a claim as an attack on conditions of confinement, he is relieved from the burden of demonstrating a municipal entity's or individual jail official's actual intent to punish because, ... intent may be inferred from the decision to expose a detainee to an unconstitutional condition. A condition is usually the manifestation of an explicit policy or restriction: the number of bunks

> per cell, mail privileges, disciplinary segregation, etc. In some cases, a condition may reflect an unstated or *de facto* policy, as evidenced by a pattern of acts or omissions "sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by [jail] officials, to prove an intended condition or practice."

*Shepherd*, 591 F.3d at 452 (citing *Scott*, 114 F.3d at 53 n.2, then quoting *Hare*, 74 F.3d at 645).

"Proving a pattern is a heavy burden, one that has rarely been met in our caselaw," and, "to constitute impermissible punishment, the condition must be one that is 'arbitrary or purposeless' or, put differently, 'not reasonably related to a legitimate goal.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 539 (1979)); *see also Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2473-74 (2015) ("[A]s *Bell* itself shows (and as our later precedent affirms), a pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." (citations omitted)).

As numerous federal courts have recognized, "the COVID-19 pandemic presents an extraordinary and unique public-health risk to society, as evidenced by the unprecedented protective measures that local, state, and national governmental authorities have implemented to stem the spread of the virus." *E.g., Sacal-Micha v. Longoria*, ___ F. Supp. 3d ___, No. 1:20-CV-37, 2020 WL 1518861, at *6 (S.D. Tex. Mar. 27, 2020). And in a case like Blake's, also filed by a *pro se* jail detainee, a federal district court recently observed:

> The effects of the pandemic have been especially pronounced in jails. What we know about the virus is limited, and guidelines for preventing transmission are still being developed. The Center for Disease Control

> has issued guidance for management of the pandemic in correctional settings based on what was known about the virus on March 23, 2020.

*Bodnar v. Lake Cnty. Jail*, No. 2:20-CV-157-PPS-APR, 2020 WL 1940742, at *1 (S.D. Ind. Apr. 22, 2020) (citing CDC Guidance for Correctional & Detention Facilities, *available at* https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited May 19, 2020)).

To screen the *pro se* complaint under Section 1915A, the court in *Bodnar* determined that it could "look to the CDC website for guidance in judging the reasonableness of the actions being taken by officials at the Lake County Jail." *Id.* at *2 (citing FED. R. EVID. 201; collecting cases). And it seems appropriate for this Court to do the same. *See, e.g., Hyder v. Quarterman*, C.A. No. C-07-291, 2007 WL 4300446, at *3 (S.D. Tex. Oct. 10, 2007) ("The Fifth Circuit has determined that courts may take judicial notice of governmental websites." (collecting cases)), *rec. adopted*, 2007 WL 4300442 (S.D. Tex. Dec. 5, 2007).

Blake's claims are somewhat conclusory, which would be reason enough to at least deny them with leave to amend. *See Johnson*, 574 U.S. at 12. But, considering his factual allegations, Blake also has not plausibly alleged that the conditions of confinement he challenges as unconstitutional are, objectively speaking, "not rationally related to a legitimate governmental objective." *Kingsley*, 135 S. Ct. at 2473-74. That is, Blake has not alleged facts from which the Court may infer that the Justice Center's implementation of CDC or other guidance (or its failure to implement further measures Blake argues are needed) is "unreasonable in light of the COVID-19 pandemic." *Bodnar*, 2020 WL 1940742, at *3 ("The conditions and restrictions that

he has described are 'rationally related to a legitimate nonpunitive governmental purpose' and are not 'excessive in relation to that purpose.' Thus, I cannot permit him to proceed on these claims." (quoting *Kingsley*, 135 S. Ct. at 2473)).

For example, the use of medical grade PPE (such as N-95 respirators) is not required by the CDC – or the Constitution. *Cf. id.* at *2 ("[T]he CDC is recommending cloth face masks to preserve medical grade equipment for medical personnel. Thus, while Bodnar may prefer medical grade equipment to better protect himself, the decision to provide him with a lesser quality mask is consistent with current guidelines and in no way runs afoul of the Constitution." (citation omitted)). And, while "[t]he CDC has recommended that new arrivals be screened for COVID-19 and, where possible, held in a separate space for fourteen days before being placed with other inmates," "comingling new intakes with other inmates may not be the ideal practice (and may not even be occurring at the [Justice Center]), the challenges of managing this situation in a correctional setting are astronomical, and nothing in [Blake's] complaint suggests that [the Sheriff] acted unreasonably." *Id.* at *3.

Similarly, Blake has not alleged facts to show that the Justice Center's policies as to social distancing – another well-established challenge in a correctional setting – are unreasonable. The same holds true to the extent Blake challenges the Sheriff's policies as to the release of certain inmates, which the undersigned construes as an allegation related to jail overcrowding and social distancing and not itself a separate claim for habeas relief.

Finally, Blake makes clear that he fears "catching COVID-19." Dkt. No. 1 at 6.

So, to the extent that he seeks monetary damages but lacks physical injuries, *see id.* at 4, that claim does not survive screening, *see, e.g., Bernard v. Tong*, 192 F.3d 126, 1999 WL 683864, at *1 (5th Cir. Aug. 9, 1999) (per curiam) ("The Prison Litigation Reform Act ('PLRA') provides: 'No Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury.' 42 U.S.C. § 1997e(e). Bernard's complaint alleges mental injuries, but fails to allege any physical injuries. Thus his action is barred under the PLRA." (citations omitted)).

## Recommendation

The Court should dismiss Plaintiff Jason Allen Blake's complaint for his failure to state a claim on which relief may be granted under 28 U.S.C. § 1915A(b)(1) without prejudice to his ability to file an amended complaint that cures all deficiencies noted above within a reasonable period of time to be set by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 20, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE